UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-80232-CIV-COHN-SELTZER

ROYAL PALM PROPERTIES, LLC,
a Florida Limited Liability Company,

      Plaintiff,

vs.

PREMIER ESTATE PROPERTIES, INC.,
a Florida corporation, GERARD LIGUORI,
an individual, JOSEPH LIGUORI, an
individual, and CARMEN D'ANGELO, JR.,
an individual,

      Defendants.
_____/

## CONFIDENTIALITY ORDER

Upon the agreement and mutual request of the parties to this action, Plaintiff, ROYAL PALM PROPERTIES, LLC, and Defendants, PREMIER ESTATE PROPERTIES, INC., GERARD LIGUORI, JOSEPH LIGUORI, and CARMEN D'ANGELO, JR., and for good cause, the Court enters the following Confidentiality Order concerning the disclosure of the parties' confidential commercial information, advertising and marketing strategies, business plans and models, trade secrets, and other proprietary business and commercial information (the "Confidential Information"), subject to further Orders of the Court as may issue from time to time.

1.    This Confidentiality Order applies to the production or exposition of all documents and items which constitute Confidential Information as defined above, as well as any information contained therein and any testimony taken in the course of these proceedings with respect to any of said documents and items. This Confidentiality Order governs the designation and handling of documents, responses to interrogatories, transcripts of depositions or other

1

testimony, or any other discovery of Confidential Information produced or disclosed during the course of this action.

2. All Confidential Information shall be used only for purposes of this action and in accordance with this Confidentiality Order and shall not be used or disclosed for any other purpose whatsoever without the written authorization of the attorney for the party producing or disclosing such Confidential Information, or further Order of this Court.

3. All documents and all other written discovery produced by a party or other person containing Confidential Information shall be stamped or otherwise marked with the name (or an abbreviation of the name) of the producing party and the legend "CONFIDENTIAL".

4. Any party wishing to designate portions of deposition testimony, or DVDs or videotapes of portions of deposition testimony, as Confidential Information may do so either: (i) on the record during the deposition; or (ii) at a time after the deposition has concluded but before the transcript has been fully transcribed and exhibits have been delivered, by providing immediate written notice of the designation to the court reporter and all parties and any other affected person.

5. Once a party has designated as Confidential Information a document, interrogatory answer or other written response to discovery, portion of a deposition transcript, or DVD or videotape of a deposition, no other party or court reporter shall directly or indirectly publish, disseminate, or utilize said document, written discovery response, or deposition transcript or DVD or videotape of a deposition in any way, except as necessary to use in this action in accordance with the terms of this Confidentiality Order, and no duplication of Confidential Information shall be allowed other than for use in this action in accordance with the terms of this Confidentiality Order. Each party shall agree to maintain such records in

accordance with the provisions of this Confidentiality Order and to protect the confidentiality of such records by not disseminating information designated as Confidential Information, other than as provided by paragraph 9.

6. Should a dispute arise as to the claimed confidentiality of any information designated as Confidential Information, the party disputing the designation shall notify the designating party and move for a ruling by the Court on the propriety of the designation, setting forth the reasons for disputing the designation. Such motion shall contain a representation that the parties in good faith conferred or attempted to confer and were unable to resolve the dispute. Any such dispute shall not be grounds for an objection to or a refusal to permit discovery. During the pendency of the disputing party's motion and any appeal on the Court's ruling on such motion, the designated information shall be deemed Confidential Information as designated, and shall be subject to the protections set forth in this Confidentiality Order.

7. A document or item constituting or containing Confidential Information which has been inadvertently produced or disclosed without having been designated confidential as provided herein may be subsequently designated as Confidential Information by the producing or disclosing party or person pursuant to the terms of this Confidentiality Order. In each such case, the designating party or person shall provide to all other parties written notice of such designation and a replacement copy of the document or item marked in accordance with this Confidentiality Order, and such document or item shall be governed by and subject to all terms and provisions of this Confidentiality Order.

8. Confidential Information shall not be filed with the Court unless one of the following conditions is met: (i) the parties agree that such Confidential Information may be filed; (ii) the Court enters an Order requiring or permitting the filing of such Confidential Information;

3

or (iii) the Confidential Information is filed in support of a motion for summary judgment or is introduced as evidence at trial. Any such Confidential Information to be filed with the Court under one or more the above-described conditions shall be filed in a sealed envelope or other container marked on the outside with the caption of this action and the following statement:

> CONFIDENTIAL -- THIS MATERIAL IS SUBJECT TO A CONFIDENTIALITY ORDER. THIS ENVELOPE OR CONTAINER MAY NOT BE OPENED WITHOUT COURT ORDER EXCEPT BY COUNSEL OF RECORD OR THE COURT.

If any person fails to file protected documents or information under seal, the producing party or any party claiming confidentiality for the documents or information may request that the Court place the filing under seal.

9. Except as set forth herein or in any order of the Court, no information deemed or designated as Confidential Information shall be revealed, delivered, exhibited or disclosed to any person other than: (i) the parties; (ii) counsel for the parties, including paralegal, secretarial, and clerical employees; (iii) any expert or consultant engaged or utilized by counsel to assist in the preparation of this action, or to testify at trial or any hearing in this action, provided such person executes a Certification of Consent To Be Bound by Confidentiality Order in the form annexed hereto as Exhibit A; (iv) the Court and any court personnel, pursuant to the terms and provisions of this Confidentiality Order; (v) any court reporter employed for purposes of depositions, hearings, or trial in this action, including persons operating video recording equipment at video depositions; and (v) a witness at any deposition, hearing, or trial in this action, provided that such person shall be bound by the terms of this Confidentiality Order as provided in the following paragraph.

10. All witnesses at depositions, hearings, or trial in this action shall be bound by the terms of this Confidentiality Order.

11. Information that is designated as Confidential Information may not be used for any purpose other than directly in connection with this action, and not for any other case, litigation, arbitration, negotiation, proceeding, inquiry or matter, whether formal or informal.

12. Confidentiality hereunder is to be maintained both during and after disposition of this action. Upon conclusion of this action, including any appeals, all documents and copies thereof, items, videotaped depositions and deposition transcripts, and all responses to interrogatories or other written discovery designated as Confidential Information shall be returned to the producing party or destroyed with the written consent of that party, except that counsel for the parties may maintain in their files copies of Confidential Information. Such copies maintained by counsel shall continue to be subject to the terms of this Confidentiality Order.

13. Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or prevent any producing party from disclosing its Confidential Information to any person. Such disclosures shall not affect any designation made pursuant to the terms of this Confidentiality Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

14. In the event of any breach of this Confidentiality Order by, for example, a party disclosing Confidential Information, this Confidentiality Order shall not be considered void or voided and shall still be fully enforceable and binding upon the parties.

15. Anyone in possession of Confidential Information shall take all reasonable measures to bar access to the information by anyone not allowed access pursuant to the terms of this Confidentiality Order. If anyone in possession of Confidential Information receives a subpoena, document request, request for information received from any government agency or

self-regulatory organization, or other legal process (collectively, "process") seeking Confidential Information, the person or entity receiving the process will promptly notify and forward a copy of the process to the party that designated the information as Confidential Information so that the designating party may seek to prevent the disclosure. In such circumstances, it shall be the responsibility of the party that designated the information as Confidential Information to serve objections to the process or seek protection from a court.

16. In the event that any party desires to introduce as evidence or otherwise submit to the Court or a jury any documents designated as Confidential Information at a trial or hearing in this action, the parties shall, prior to such trial or hearing, confer to attempt to agree upon a procedure for the handling of Confidential Information at the trial or hearing, such as receiving evidence in-camera or under other conditions to prevent unnecessary disclosure. In the event that the parties cannot agree on a procedure, they shall submit the matter to the Court for resolution.

17. No failure or delay by a party or its counsel, agents, or representatives in exercising any right, power, or privilege under this Confidentiality Order shall operate as either a waiver or an estoppel thereof, nor shall single or partial exercise thereof by a party preclude any other or further exercise by the party of any right, power, or privilege hereunder, all of which are reserved by the party.

18. This Confidentiality Order shall not be construed as a waiver of any party's rights to: (i) object to any discovery request on the basis of privilege or any other grounds; (ii) object to the introduction of any Confidential Information as evidence at any hearing, trial, or any other proceeding in this action; or (iii) seek other and further protections against the discovery or disclosure of Confidential Information or any other documents, items, or information.

19. This Confidentiality Order may only be modified or waived in writing signed by all parties or upon entry of an Order of the Court in this action. This Confidentiality Order shall remain in full force and effect until or unless it is modified or superseded by written agreement of all parties or Court order and shall survive any final judgment or settlement of this action.

20. This Confidentiality Order shall apply only to the information identified above as Confidential Information. The parties are ordered to refrain from the indiscriminate designation of documents, items, information, and testimony as confidential.

DONE AND ORDERED in Fort Lauderdale, Broward County, Florida on this 12th day of July, 2010.

JAMES I. COHN
United States District Judge

Copies to:

Counsel of record

## EXHIBIT "A"

Certification of Consent To Be Bound by Confidentiality Order

I certify that I have received and read a copy of the Confidentiality Order in the case styled *Royal Palm Properties, LLC v. Premier Estate Properties, Inc., et al.*, CASE NO.: 10-80232-CIV-COHN-SELTZER.  I agree to be bound by the Confidentiality Order, and I understand that I may be subject to contempt proceedings in the United States District Court for the Southern District of Florida if I violate said Confidentiality Order.  I further understand that information designated as confidential in this action may not be used, copied, or disclosed by me to anyone else except in strict accordance with the Confidentiality Order and then only for the purposes of the prosecution or defense of this action.

Dated this _____ day of _____, 20____.

By: _____

Print name: _____