UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-80232-CV-COHN

Magistrate Judge Seltzer

ROYAL PALM PROPERTIES, LLC,

    Plaintiff,

vs.

PREMIER ESTATE PROPERTIES, INC.,
GERARD LIGUORI, JOSEPH LIGUORI, and
CARMEN D'ANGELO, JR.,

    Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendants' Eighth Affirmative Defense to Plaintiff's Second Amended Complaint [DE 79].  The Court has carefully considered the Motion, Defendants' Memorandum of Law in Opposition to the Motion ("Response") [DE 82], and Plaintiff's Reply [DE 88], and is otherwise fully advised in the premises.

### I.  BACKGROUND

The parties in this action are competitors in the real estate business in luxury homes in the east Boca Raton development of Royal Palm Yacht & Country Club.  After the Court denied its motion for preliminary injunction, Plaintiff Royal Palm Properties, Inc. ("Plaintiff") filed its Second Amended Complaint seeking injunctive relief and damages in this court against Defendants Premier Estate Properties, Inc. ("Premier"), and its principals, Gerard Liguori, Joseph Liguori, and Carmen D'Angelo, Jr.  The Second Amended Complaint included claims for violation of the federal

AntiCybersquatting Consumer Protection Act ("ACPA") related to Defendants' use of internet domain names containing the mark "royalpalmproperties," unfair competition under the Federal Lanham Act, unfair competition under Florida common law for trademark infringement and false designation of origin, and common law trademark infringement [DE 66]. In addition, Plaintiff alleges that Premier has materially copied its direct mailers, brochures, and catalogs, sending those advertising materials to owners of property in Royal Palm, and making false or misleading statements to cause confusion among the general public regarding an affiliation between Plaintiff and Defendant Premier. Sec. Am. Compl., ¶¶ 20-23.

Defendants filed an Answer and Affirmative Defenses. Plaintiff moves to strike Defendants' Affirmative Defense of unclean hands. Defendants allege that Plaintiff:

> has consistently and unfairly used spurious litigation and other means by which to unfairly compete with Premier. Such activities include filing of the State Court lawsuit referenced in Plaintiff's Amended Complaint (which, as of this date, has been dismissed), the filing of the instant lawsuit, and producing and distributing to the public, direct mailers, brochures, catalogs, and other such materials, that have been identical or substantially similar with respect to style, content, display, font, and/or arrangement to those advertising and marketing materials which Premier has been exclusively using, prior to Plaintiff, in the promotion and advertising of its services.

Eighth Affirmative Defense, Defendant's Answer and Affirmative Defenses [DE 76]. Defendants oppose the motion to dismiss.

## II.  DISCUSSION

### A.  Motion to Strike Standard

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party ... the court may order stricken from any pleading any insufficient

defense." Although the court has broad discretion under Rule 12(f), "[m]otions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." E.g. Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (7th Cir. 1991) (citations and internal quotations omitted). A motion to strike may be granted with regard to a defense, or parts of a defense, that can have no possible bearing upon the subject matter of the litigation. Craig Funeral Home, Inc. v. State Farm Mutual Automobile Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958);[1] Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). A defense has no bearing on the case when it is patently frivolous or invalid as a matter of law. Anchor, 419 F. Supp. at 1000.

## B. Unclean Hands Defense Sufficiently Plead

Plaintiff argues that the Eighth Affirmative Defense is insufficient and invalid as a matter of law. The unclean hands doctrine "closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." ABF Freight Sys., Inc. v. N.L.R.B., 510 U.S. 317, 329-30 (1994) (quoting Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945)). As the Fifth Circuit stated:

> The maxim of unclean hands is not applied where plaintiff's misconduct is not directly related to the merits of the controversy between the parties,

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

> but only where the wrongful acts "in some measure affect the ***equitable relations*** between the parties in respect of something brought before the court for adjudication." Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245 (1933). The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct. Lawler v. Gillam, 569 F.2d 1283, 1294 (4th Cir. 1978).

Mitchell Bros. Film Group v. Cinema Adult Theater, 604 F.2d 852, 863 (5th Cir. 1979), cert. denied, 445 U.S. 917 (1980) (emphasis added). Thus, the unclean hands doctrine traditionally only applies to equitable remedies and does not bar a plaintiff from recovering damages.[2] Id. at 865 n.26.

The United States Court of Appeals for the Eleventh Circuit has stated that to assert an unclean hands defense, a defendant "must satisfy two requirements. First, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct." Calloway v. Partners Nat. Health Plans, 986 F.2d 446, 450-451 (11th Cir. 1993) (internal citations omitted). A recent decision from the Southern District of Florida analyzes what "directly related" means: it is not just the same kind of conduct, but that the "connection between the unclean-hands conduct and the matter in litigation is to be very close." Gastaldi v. Sunvest Resort Communities, LC, 2010 WL 457243, *9 (S.D. Fla. Feb. 3, 2010). The "matter in litigation" to must be the actual basis of the plaintiff's claims. Id.

---

[2] In Mitchell, the Fifth Circuit noted contrary authority that applied the unclean hands defense to both legal and equitable patent and copyright claims. Mitchell, 604 F.2d at 863.

Plaintiff argues that allegations regarding its own conduct are not directly related to its claims.  The Court disagrees.  Defendant's Eighth Affirmative Defense alleges in part that Plaintiffs have engaged in exactly the same allegedly unlawful copying of advertising and marketing materials that are the basis of Plaintiff's own claims.  The connection between Plaintiff's alleged conduct and its own claims is very close.  In addition, Defendant was allegedly injured by Plaintiff's conduct in using identical advertising materials.  The Court therefore concludes that Defendant's unclean hands affirmative defense is sufficient and should not be stricken as invalid.[3]

### C.  Plaintiff's "Scandalous" Argument

Plaintiff also argues under Rule 12(f) that the Eighth Affirmative Defense should be stricken because it contains scandalous matter that is wholly irrelevant to the instant action.  There are few published opinions regarding what is considered "scandalous" under Rule 12(f), other than it is an issue left to the discretion of the trial court.  In Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988), the First Circuit Court concluded that use of the terms "concentration camp," "brainwash," and "torture," and a comparison to "Chinese communists in Korea," in a case alleging emotional damages resulting from an employer's resignation process should be stricken.  The Court stated that these terms were "superfluous descriptions" and not substantive elements of the cause of action.  Id.  In Talbot v. Robert Matthews

---

[3] As for the reference to the State Court litigation, the Court reserves ruling as to whether the evidence regarding the other litigation would be admissible in any trial in this action

Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992), the Seventh Circuit concluded that the district court did not abuse its discretion in striking paragraphs in a complaint that alleged that defendants intentionally caused a salmonella outbreak, resulting in deaths and injuries to consumers, in order to deprive plaintiffs of their jobs at a dairy. The Court stated that the district court's conclusion that these allegations were devoid of any factual basis was not an abuse of discretion. Id.

In Florida, "a communication is 'defamatory' if it tends to harm the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the defamed party." LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881, 885 (Fla. Dist. Ct. App. 2003). However, truth is "a defense to defamation when the truth has been coupled with good motive." Id. at 886-887, quoting Lipsig v. Ramlawi, 760 So.2d 170, 183 (Fla. Dist. Ct. App. 2000).

In applying this case law to the present action, the Court notes that the material sought to be sealed does not contain superfluous descriptions of Plaintiff or its principal, David Roberts. Rather, the Eighth Affirmative Defense describes Plaintiff's actions as "spurious" and that it "unfairly competes." "Spurious" means false or fake. Such an allegation does not rise to the level of "scandalous" under Rule 12(f), and need not be stricken.

### D. Not a Mere Denial

In its reply memorandum, Plaintiff argues for the first time that the Eighth Affirmative Defense is not a proper defense because it is a mere denial of Plaintiff's

allegations.  Although the Court need not address arguments raised for the first time in a reply, the Court fails to see any merit in this argument, as the Eighth Affirmative Defense clearly sets forth the alleged behavior of Plaintiff that gives rise to an unclean hands defense.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendants' Eighth Affirmative Defense to Plaintiff's Second Amended Complaint [DE 79] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of October, 2010.

JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF